HAENSCHEN *et al.*, *Appellants* v. THE FRANKLIN INSURANCE COMPANY.

**Marine Insurance**: PARTICULAR AVERAGE: PARTIAL LOSS. The memorandum clause, in an open policy of insurance on three barge loads of wheat, described the risk as 39,085 bushels, bulk wheat, at $1.15 per bushel—sum $44,945; rate, $1; premium $449 45; to be conveyed from Lansing to St. Louis by steamer and barges. In an action upon the policy, it was held that the wheat was insured in bulk and not in packages, either of one bushel or one barge each; that a clause in the policy, "Each package shall be subject to its

own average," did not apply to such a risk; and that, in determining the percentage of partial loss, the proportion between the entire actual loss and the value of the entire shipment must be ascertained.

### Appeal from St. Louis Circuit Court.

The case was tried before HON. HORATIO M. JONES, one of the judges.

*Slayback & Haeussler* for appellants.

Appellants claim that each bushel of wheat was insured for $1.15, and that they have shown that 2,180 bushels were a total loss, except $109.11, or over 95 per cent., and therefore plaintiffs are entitled to recover as upon a total loss. *Lockwood v. The Sangamo Ins. Co.*, 46 Mo. 71. The wording as to packages or parcels was printed for other goods than bulk wheat, and could not apply. *Delaware Ins. Co. v. Winter*, 38 Penn. St. 187, 176; *Orient Mut. Ins. Co. v. Wright*, 23 How. 401. The written portions of a policy take precedence over the printed portions, because they are construed as a restriction or enlargement of the risks. *Moore v. Perpetual Ins. Co.*, 16 Mo. 98. Where a contract of insurance contains mutual stipulations, such stipulations, if doubtful or ambiguous, are to be construed most favorably to the party entitled to claim its benefits, the insured. *Brown v. Railway P. A. Co.*, 45 Mo. 221; Duer on Insurance, p. 161.

*James Taussig* for respondent.

The damage and loss was less than twenty per cent. of the 39,085 bushels of bulk wheat insured, and therefore the plaintiffs could not recover. *Jamson v. Ralli*, 36 Eng. Law and Eq. 210; *Wilkinson v. Hyde*, 3 C. B. (n. s.) 47; *Hills v. London Assur. Co.*, 5 Mees. & Wels. 569; *Bivys v. Chesapeake Ins. Co.*, 7 Cranch 415; *Donnell v. Columbia Ins. Co.*, 2 Sumner 367; *Kettell v. Alliance Ins. Co.*, 10 Gray

144; *Hernandez v. Sun Mut. Ins. Co.*, 6 Blatchf. 317; *Newlin v. Ins. Co.*, 20 Penn. St. 315; Arnold on Marine Ins. (4 ed.) 905. The clause in the policy " that each package shall be subject to its own average," has no application to the case at bar, and does not help the appellants. Stevens & Benecke on Ins., p. 439. Even if barge 30 were a package, within the meaning of the policy, appellants not only failed to prove that there was a loss of 20 per cent. by the perils insured against on the contents of that barge, but admitted that the loss was less than 20 per cent. on that barge. Even if said barge were a package, and contained when it left Lansing 17,021 bushels of wheat, appellants failed to prove that there was a loss of 20 per cent. by perils insured against on the contents of that barge. Even if said barge were a package, and contained 17,021 bushels of wheat and of this quantity 3,618 $\frac{35}{60}$ bushels were lost or damaged by the perils insured against, the facts admitted by the appellants still show that the loss was less than 20 per cent., exclusive of charges and expenses incurred for the purpose of ascertaining and proving the loss.

NORTON, J.—This suit was instituted in the circuit court of St. Louis county, and is founded on an open policy of insurance of defendant, whereby plaintiffs effected an insurance on a shipment of wheat in 1869 from Lansing, in Iowa, to St. Louis, as evidenced by the following indorsement, " memorandum of risk taken under the annexed policy No. 451. Date ——. Conveyance, Mohawk and barges from Lansing to St. Louis : Property, 39,085 bushels bulk wheat, at $1.15 per bushel—sum, $44,945 ; rate 1, premium $449.45." The policy also contained the following provisions: 1. " That each package was to be subject to its own average, and, in case of partial loss, the loss should be ascertained by a separation of the contents of the package so damaged. 2. The insurers should not be liable for any partial loss on corn or grain of all kinds,

unless it should amount to twenty (20) per cent. exclusive in all cases of all charges and expenses incurred for the purpose of ascertaining and proving the loss." The facts admitted in the record, and the evidence offered on the trial show that the shipment was made in bulk in three barges, towed by the steamer Mohawk, numbered respectively, 11, 15 and 30, each containing the following number of bushels, viz: barge 11, 6,943$\frac{50}{60}$; barge 15, 16,558$\frac{45}{60}$; barge 30, 15,582$\frac{50}{60}$; total, 39,085 bushels. It is admitted that barge 30, on its arrival at St. Louis, contained 2,180 bushels of damaged wheat, and 13,402$\frac{50}{60}$ bushels of sound wheat, aggregating 15,582$\frac{50}{60}$ bushels, and also, that barge 30, in its passage down the Mississippi river, collided with a pier of Rock Island bridge, and took in water causing the damage. It is further admitted that plaintiffs, after the arrival of the barge on the 15th of May, presented to defendant a statement claiming that 2,180 bushels of the wheat in barge 30 had been damaged, and that its value was $2,572.40; that the only loss was of the wheat in barge 30, and that, at the time said claim was presented no invoice of the shipment had been received by plaintiffs from the shipper at Lansing, and that no claim for greater loss than 2,180 bushels was made till after the suit was brought, that the shipper at Lansing would testify that barge 30 contained 17,021 bushels when it left Lansing. The damaged wheat was dried and sold, and brought $549.95; plaintiffs claiming that defendants out of that sum were only entitled to be credited with $109.11, which was the net sum realized after paying expenses of drying, selling, &c.; defendants, on the other hand, claiming that the gross amount realized should be credited, because of a clause in the policy declaring "that the partial loss must be 20 per cent. exclusive in all cases of all charges incurred for the purpose of ascertaining the loss." Judgment was rendered for defendant, which, at general term, was affirmed, and from which plaintiffs have appealed.

The contention in the case grows out of the construc-

tion of the following words in the policy: "the insurers shall not be liable for any partial loss on corn or grain of all kinds unless it should amount to 20 per cent. exclusive in all cases of all charges and expenses incurred for the purpose of proving the loss." "That each package was to be subject to its own average, and in case of partial loss, the loss should be ascertained by a separation of the contents of the package so damaged." It is claimed by appellants that under the contract, each bushel of the 39,085 bushels was separately insured as a package, and that, if the 2,180 bushels were damaged 20 per cent. of its value, he is entitled to recover.

It is also claimed that the shipment made in barge 30 is to be considered a package, and that if the wheat in said barge, either in quantity or value, was damaged to the extent of 20 per cent. he was also entitled to recover.

The construction thus sought to be put upon the contract we think is at variance with the authorities to which we have been cited, both English and American. We will notice only two of the latter class of cases, which we think conclusive of the questions presented in the case we are considering.

In case of *Hernandez v. The Sun Mut. Ins. Co.,* 6 Blatch. C. C. R. 317, it was held, in a suit on a policy of marine insurance on six thousand boxes of lemons, that the fact of each box being valued at $4.25 did not make it an insurance on each box. The insurance was on six thousand boxes of lemons, of which 2,179 were lost; held, that under a clause "free of particular average," the company was not liable, because the insurance was construed to be an insurance on the whole six thousand boxes, and not on each box. In *Newlin v. Insurance Campany,* 20 Penn. 312, an insurance was effected in the sum of $5,200, on 104 bales of cotton, valued at $50 per bale. 79 bales being in one lot, marked (13), and 25 in another, marked (18). The cotton was shipped from Savannah to Philadelphia, and on the voyage four bales in the lot marked (18)

were washed overboard, and suit was brought for them at the value of $50 per bale, as mentioned in the policy. It was stipulated in the policy that no loss or average should in any case be paid under five per cent., unless general. It was contended in that case that each bale was separately insured, and also that there being two lots of the cotton, one lot comprising 79 bales, and the other 25, each lot was separately insured. Both these points were ruled against the plaintiff, and Justice Black, in making a disposition of them, observed: " The loss in this case being less than five per cent. of all the cotton insured, the question arises whether the five per cent. is to be calculated on the value of the whole lot or on that of a single bale. It happens every day, that policies mention the price of wheat by the bushel, coffee by the pound, &c., yet it has never been contended that there were insurances on each bushel or pound. * * * In our opinion the indorsement of the cotton was an insurance of the sum total upon the whole bulk, as much as it would have been if no subdivision had been named. In a case like this, the percentage is to be counted on the whole value of the commodity insured, and there can be no recovery for a loss or damage under that proportion, unless it happens by way of general average. This is consistent with the universal practice, according to the reason of the thing, and there is no adjudicated case against it." The principle of these cases applied to the case before us, would exempt the defendant from liability for partial loss, unless such loss amounted to 20 per cent. exclusive of all costs incurred for the purpose of ascertaining the loss. The loss on the 2,180 bushels of damaged wheat, after deducting either the sum of $109.11, which was the net amount realized from it, or the gross sum of $544.95, for which it sold, would not amount in value to 20 per cent. either of the whole number of 39,083 shipped in the three barges, or of the amount insured in barge 30 in which the loss occurred. The only theory upon which plaintiff could recover under the facts agreed

upon, would be that each bushel should be considered as a package. This, we have seen, cannot be maintained, and hence, it follows that the trial court did not err in not adopting it in the instructions it gave, and in instructing that, under the pleadings and evidence, plaintiff could not recover.

It is true that there was evidence tending to show that in barge 30 there was shipped from Lansing 17,021 bushels, it so, it contained nearly 1,500 bushels more of wheat than was insured, and there was no evidence that this over-plus of uninsured wheat was lost by way of the perils insured against. If it had been insured, before it could enter as an element into the calculation for the ascertainment of the percentage of loss, it would have devolved on plaintiffs to show that it was lost by some of the perils insured against. There was a total failure on the part of plaintiffs to do this.

We think that the clause in the policy " that each package shall be subject to its own average," only applies to a shipment of goods and articles in bags, bales, boxes or parcels, and when a valuation and average on such bag, bale, box or parcel is secured by the shipper, and that it has no relation to a shipment of goods in bulk as in this case. Stevens & Ben. on Ins. 439.

Nor do we perceive any such discrepancy as is contended for between the memorandum clause of the policy and the other clause as to justify us in disregarding or rejecting it. After the general description of a risk, such clauses limiting the liability of the insurer, are usually, if not universally, and have since 1794, when they were first introduced, been upheld. 3 Kent Com. 370.

AFFIRMED.